UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN E. STAFFORD,

    Plaintiff,

vs.

SUGARCREEK TOWNSHIP, *et al.*,

    Defendants.

Case No. 3:22-cv-136

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING IN PART AND DENYING IN PART THE POLICE DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. No. 72); (2) DISMISSING FROM THIS CASE (a) DEFENDANT SUGARCREEK TOWNSHIP POLICE DEPARTMENT AND (b) PLAINTIFF JOHN STAFFORD'S § 1983 CLAIM FOR PUNITIVE DAMAGES FROM DEFENDANT SUGARCREEK TOWNSHIP; (3) DENYING THE WHIO-TV DEFENDANTS AND DEFENDANTS RYAN SEXTON, WILLIAM COLEMAN, AND LINDA MILLER'S MOTIONS TO DISMISS (Doc. Nos. 35, 59, 69, 71, 74); AND (4) DENYING DEFENDANT STEVE LAMB'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 73)**

---

This civil case, consisting of federal and state-law civil rights and personal injury claims, filed with the assistance of counsel, is before the Court for review of several Defendants' dispositive motions. Defendants Sugarcreek Township, Sugarcreek Township Police Department ("Sugarcreek PD"), Chief Michael Brown, Officer Adam Klark, Officer Mark White, and Detective Leslie Stayer (collectively, the "Police Defendants") move for partial judgment on the pleadings under Fed. R. Civ. P. 12(c). Doc. No. 72. Defendants WHIO-TV, also known as the Miami Valley Broadcasting Corporation, and James Brown (collectively, the "WHIO-TV Defendants") move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff John Stafford's ("Stafford") claims against them. Doc. No. 35. Additionally, Defendants Ryan Sexton ("Sexton"),

Linda Miller ("Miller"), and William Coleman[1] ("Coleman") all separately move to dismiss Stafford's claims against them for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Doc. Nos. 59, 69, 71, 74. Last, Defendant Steve Lamb ("Lamb") moves for judgment on the pleadings.[2] Doc. No. 73. Stafford responded to each. Doc. Nos. 36, 64, 70, 79, 80, 81, 82. The WHIO-TV Defendants, Sexton, Miller, Lamb, and the Police Defendants replied. Doc. Nos. 39, 68, 86, 87, 88. Thus, the motions are ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic

---

[1] Coleman filed an initial motion to dismiss (Doc. No. 69), to which Stafford responded (Doc. No. 70). Coleman subsequently filed an amended motion to dismiss (Doc. No. 74), and Stafford again responded (Doc. No. 82).

[2] Lamb's motion is docketed as a motion to dismiss, or alternatively, as a motion for judgment on the pleadings. Doc. No. 73 at PageID 632. As Lamb has already filed an answer (Doc. No. 60), the Court construes his motion as one for judgment on the pleadings. *See* Fed. R. Civ. P. 12(b); *see also Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

2

recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

## II.

Two preliminary matters merit mention. First, Stafford's claims against Sugarcreek PD fail as a matter of law because Sugarcreek PD is not *sui juris*. *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002) ("Police departments are not *sui juris*; they are merely sub-units of the municipalities they serve." (citing *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987))). Accordingly, Sugarcreek PD must be dismissed as a party in this case. Second, Stafford is not entitled to punitive damages on any of his § 1983 claims against Sugarcreek Township. *See* Doc. No. 30; *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983").

Defendants' motions should be denied without prejudice in all other respects. Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, those motions, along with the procedural posture of this case, the efficient and appropriate way

forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of this litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021); *cf. Holbrook v. Louisiana-Pacific Corp.*, 533 F. App'x 493, 496 (6th Cir. 2013). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

### III.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Police Defendants' motion for partial judgment on the pleadings. Doc. No. 72. Sugarcreek PD is **DISMISSED** from this case and Stafford's § 1983 claim for punitive damages against Sugarcreek Township is **ALSO DISMISSED**. All other claims against the Police Defendants may proceed. Moreover, the Court **DENIES** the WHIO-TV Defendants and Sexton and Miller's motions to dismiss (Doc. Nos. 35, 59, 71), **DENIES** Coleman's amended motion to dismiss (Doc. No. 74), and **DENIES** Lamb's motion for judgment on the pleadings (Doc. No. 73). The Court anticipates reviewing all parties' arguments on summary judgment after the completion of discovery. The Court also **DENIES AS MOOT** Coleman's initial motion to dismiss. Doc. No. 69. Finally, Defendants Sugar Valley, Keyes, and Clark did not file dispositive motions and remain in this case subject to all the claims that Stafford has alleged against them in his amended complaint.

**IT IS SO ORDERED.**

  August 28, 2023                                 s/Michael J. Newman
                                                                                 Hon. Michael J. Newman
                                                                                 United States District Judge